UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSSIE LEE SLAUGHTER,<br><br>     Plaintiff,<br><br> v.<br><br>JOHN T. PADILLA, et al.,<br><br>     Defendant. | CASE NO. 2:22-cv-01680-BHS-BAT<br><br>**ORDER DENYING MOTION FOR COUNSEL** |

  Plaintiff is a prisoner at the Monroe Correctional Complex and has filed a § 1983 complaint. He now moves for appointment of counsel because he is confined in a prison, has difficulty accessing legal resources, and because he believes of the severity of allegations, he has alleged merit appointment of counsel. Dkt. 8.

  The Court denies the motion at this juncture. Plaintiffs who file civil lawsuits have no right to appointed counsel. The Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party at *pro bono*, but only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court determines whether exceptional circumstances exist by evaluating the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Id.* at 1331.

Plaintiff has demonstrated ample ability to articulate the legal and factual bases of his claims without the assistance of counsel. To the extent Plaintiff contends his *pro se* status makes it difficult to access legal resources, investigate his claims, or conduct discovery, these are common challenges all prisoners face, not exceptional circumstances. Additionally, most prisoners believe their claims are serious and thus Plaintiff's views of his allegations are not exceptional.

Finally, at this juncture the record is limited and insufficient for the Court to draw any conclusions regarding Plaintiff's likelihood of success on the merits of his claim. Based on the information currently available to the Court, this Court concludes Plaintiff has not demonstrated his case involves exceptional circumstances that warrant the appointment of counsel. The Court accordingly ORDERS:

(1) The motion for appointment of counsel, Dkt. 8, is DENIED without prejudice.

(2) The Clerk shall provide a copy of this Order to the parties.

DATED this 29th day of December, 2022.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION FOR COUNSEL
- 2