UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| OSSIE LEE SLAUGHTER,<br><br>                Plaintiff,<br><br>    v.<br><br>JOHN T. PADILLA, et al.,<br><br>                Defendant. | CASE NO. 2:22-cv-01680-BHS-BAT<br><br>**ORDER DENYING MOTION TO ALTER IFP ORDER DKT. 12** |

The Court granted Plaintiff, a prisoner at the Monroe Correctional Complex (MCC), permission to proceed *in forma pauperis* (IFP) and directed the MCC to collect and forward repayments of the filing fee to the Court. Dkt. 6.

Plaintiff now moves the Court to alter the IFP order on the grounds the State of Washington deems a state prisoner to be indigent if the prisoner's account balance is less than $25, instead of less than $10. Dkt. 12. Plaintiff contends the Court's order is "excessive" and the Court's order IFP repayment be collected if Plaintiff's account exceeds $10 violates the Eighth and Fourteenth Amendments. *Id.* Plaintiff requests the Court alter the IFP order to direct repayment, not to exceed $25.

The Court denies the motion. All litigants must pay the filing fee in order to file a federal lawsuit. However, 28 U.S.C. § 1915(a)(1) allows the Court to grant individuals who are unable

ORDER DENYING MOTION TO ALTER IFP
ORDER DKT. 12 - 1

to afford to pay the entire filing fee to proceed IFP. Although indigent prisoners may be granted IFP status if they establish eligibility, § 1915(b) requires prisoners proceeding IFP to repay the filing fee as funds become available in a prisoner's account. Plaintiff's request is inconsistent with § 1915(b) which directs the Court to initially assess and collect funds from a prisoner, 20 percent of the greater of the average monthly deposits in the prisoner's account, or the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint. After the initial collection of the filing fee, "the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."  Plaintiff was granted leave to proceed IFP under a federal statute that sets the amounts to be collected for repayment. The Court thus declines to alter its IFP order as Plaintiff requests.

The Court accordingly ORDERS:

(1) The motion to alter IFP, Dkt. 12, is DENIED.

(2) The Clerk shall provide a copy of this Order to the parties.

DATED this 9th day of January, 2023.

BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER DENYING MOTION TO ALTER IFP
ORDER DKT. 12 - 2