UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

OSSIE LEE SLAUGHTER,

        Plaintiff,

  v.

BRANDI PETERSON, et al.,

        Defendants.

CASE NO. C22-1680 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge Brian A. Tsuchida's Report and Recommendation (R&R), Dkt. 20, recommending the Court decline to serve pro se plaintiff Ossie Slaughter's amended complaint, Dkt. 19, dismiss the case with prejudice for failure to state a plausible claim, and denying Slaughter's motions for a temporary restraining order and a preliminary injunction. Dkts. 5, 16.

Slaughter's complaint is a long handwritten list of allegations that 23 separate state actor defendants have violated his constitutional rights, the Americans with Disabilities Act (ADA), the Prison Rape Elimination Act (PREA), and the Washington Constitution, during Slaughter's incarceration at the Monroe Correctional Complex. Dkt. 19. Judge Tsuchida granted Slaughter's motion for leave to proceed *in forma pauperis*, but declined

ORDER - 1

to order the service of his complaint, and permitted Slaughter to file an amended complaint to cure the deficiencies in his initial complaint and to state a plausible claim. Dkts. 6, 11, 15, 18.

Judge Tsuchida's thorough R&R screens Slaughter's amended complaint as required by 28 U.S.C. § 1915A(a), and addresses each of the deficiencies in Slaughter's amended complaint. Dkt. 19. The R&R concludes that Slaughter has failed to state a plausible claim, and that he cannot do so as matter of law. Dkt. 20.

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2).

"[I]n providing for a de novo determination . . . Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal quotation marks omitted). Accordingly, when a district court adopts a magistrate judge's recommendation, the district court is required to merely "indicate[] that it reviewed the record de novo, found no merit to . . . [the] objections, and summarily adopt[] the magistrate judge's analysis in [the] report and recommendation." *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023).

In so doing, district courts are "not obligated to explicitly address [the] objections." *Id.* at 437.

Slaughter filed a 50-page handwritten objection to the R&R. Dkts. 26, 26-1. He largely reiterates his complaints about his treatment in prison but does not persuade the Court that the R&R's substantive analysis of his claims is incorrect. This includes the R&R's determinations that there is no vicarious liability under 42 U.S.C. § 1983, that Slaughter has not plausibly alleged that any defendant violated his First or Eighth Amendment rights, and that Slaughter's "loss of good-time credits" are *Heck* barred. Dkt. 20 at 19. Slaughter's objections similarly fail to demonstrate that his Due Process or Equal Protection rights were implicated. His objections do not persuade the Court that the R&R wrongly concluded that his ADA claim against individual defendants is not viable. He has not established that he can state a plausible claim under the PREA. Slaughter has not persuaded the Court that the R&R was wrong in concluding that the defendants in their official capacities are immune from suit under the Eleventh Amendment. Dkt. 20 at 6.

In short, the Court has reviewed the R&R and Slaughter's objections to it. It concludes that Slaughter has failed to state a plausible claim and that he cannot do so even if he amends his complaint again. Slaughter's objections are therefore **OVERRULED**.

The R&R is **ADOPTED**. Slaughter's amended complaint, Dkt. 19, is **DISMISSED with prejudice** and **without leave to amend**. Slaughter's *in forma pauperis* status shall **NOT** continue in the event of an appeal.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 12th day of September, 2023.

BENJAMIN H. SETTLE
United States District Judge